## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-cv-24780-BB

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC., a Florida
not-for-profit corporation,

      Plaintiff,

vs.

ELIZABETH HAZAN, et al.,

      Defendants.

_____/

## PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, VALENCIA ESTATES HOMEOWNERS' ASSOCIATION (the "Association"), by and through undersigned counsel, hereby moves for an order remanding this action to the Circuit Court of the 11th Judicial Circuit in Miami-Dade County, Florida where Plaintiff initiated the original lawsuit styled, VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC., a Florida not-for-profit corporation, Plaintiff, vs. ELIZABETH HAZAN, et al., Defendant, Case No. 2022-005424-CA-01(the "Original lawsuit") for lack of subject matter jurisdiction, including lack of complete diversity among the parties. In support thereof, the Association states as follows:

### I. INTRODUCTION

This case involves a garden variety residential foreclosure. Defendant, ELIZABETH HAZAN's ("Hazan") removal of this case to this Court is a clear attempt to delay facing another financial obligation owed in her long list of active cases to collect debts. On the eve of a hearing in the Original Lawsuit on the Association's motion to dismiss the frivolous counterclaims of Defendants Hazan, SEAN NEIL MEEHAN ("Meehan"), and 6913 VALENCIA, LLC ("6913

1

**HABER LAW, LLP**
251 NW 23 STREET | MIAMI, FLORIDA  33127 | T: 305.379.2400 | F: 305.379.1106 | www.haber.law

Valencia") (collectively, "Defendants"), Defendants improperly and untimely removed the Original Lawsuit to this Court over six hundred (600) days after the Association filed its complaint.

Defendants, as masters of delay, manipulation, and frivolous legal theories, once more have initiated a new strategy by removing the Original Lawsuit to federal court notwithstanding the fact that this removal is improper as it is: (i) untimely under 28 U.S.C. § 1446; (ii) lacks diversity under 28 U.S.C. § 1332; and (iii) is unrelated to the prior bankruptcy proceedings. As such, the Association, who only seeks to collect monies for unpaid assessments and foreclose on their lien under Florida law, is delayed in the prosecution of its claim and in the adjudication of such claim on its merits and asks the Court to remand these proceedings to the state court where this case was originally filed. Furthermore, the Association seeks a sanction award against the Defendants in the amount of attorneys' fees incurred in responding to the removal and obtaining remand of the proceedings.

## II.   <u>PROCEDURAL HISTORY</u>

1.      Hazan is the owner of the property located at 6913 Valencia Drive, Fisher Island, FL 33109 and as such is a member of the Association. 6913 Valencia is a Florida limited liability company that is believed to still own and hold a second mortgage on the Subject Property, recorded in the public records of Miami-Dade County, Florida. According to online Florida public records, Defendant 6913 Valencia's Manager and Authorized Representative is Defendant Hazan. Defendants, Meehan—Hazan's former spouse—and 6913 Valencia, hold or may claim to hold interests encumbering the Subject Property which is located in Miami-Dade County, Florida.

2.      Pursuant to Section 720.3085, Florida Statutes[1] and Article 6 of the Association's

---

[1] Section 720.3085, Florida Statutes states "[w]hen authorized by the governing documents, the association has a lien on each parcel to secure the payment of assessments and other amounts provided for by this section." Fla. Stat. § 720.3085.

**HABER LAW, LLP**
251 NW 23 Street | Miami, Florida  33127 | T: 305.379.2400 | F: 305.379.1106 | www.haber.law

Declaration (the "Declaration")[2], Defendants are required to pay all assessments that are levied by the Association against the Subject Property as they become due and payable.

3.      Since approximately August 2019 and through the present date, Hazan and Defendants failed or otherwise refused to fully and timely pay the assessments levied by the Association against the Subject Property and the charges related to same have become due and payable.

4.      On March 23, 2022, the Association filed its Complaint in the Original Lawsuit (the "Complaint"). The Complaint asserts two counts for foreclosure of lien and breach of Declaration. *See* Complaint at D.E. 8.

5.      The Complaint expressly states that the time period of the assessments being sought is from August 2019 to the present date.

6.      On April 29, 2022, Hazan and Meehan were validly served via personal service of process pursuant to Section 48.031(1)(a),[3] Florida Statutes and were placed on notice of the claims against them by delivery of true copies of the Civil Actions Summons, Notice of Lis Pendens, and Complaint with Exhibits at their usual place of abode at 6913 Valencia Drive, Fisher Island, FL 33109.

7.      As reflected on the Returns of Service, 6913 Valencia was also served with process at that time through Hazan as its Registered Agent pursuant to Section 48.062(1), Florida Statutes.

---

[2] The Association is a Florida corporation not-for-profit, operating pursuant to the provisions of Chapter 720, Florida Statutes. The Association is responsible for managing the affairs of Valencia Estates, a residential community in Miami-Dade County, Florida, pursuant to its Declaration of Covenants and Restrictions ("Declaration"), recorded in the Public Records of Miami-Dade County, Florida, on February 6, 2003, at ORB 21004, Page 390, as amended from time to time.

[3] Section 48.031(1)(a), Florida Statutes states "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section." Fla. Stat. § 48.031(1)(a).

**HABER LAW, LLP**
251 NW 23 Street | Miami, Florida  33127 | T: 305.379.2400 | F: 305.379.1106 | www.haber.law

8.      The litigation in the Original Action illustrates the ongoing and hallmark delay tactics of the Defendants.

9.      Since March of 2023, the Association and the Defendants were in dispute on service issues, which the Association ultimately prevailed upon.

10.     On July 10, 2023, Defendants filed the and answer, affirmative defenses, and their Counterclaim.

11.     On July 20, 2023, the Association filed: (i) a motion to strike Defendants' affirmative defenses (the "Motion to Strike"); and (ii) a motion to dismiss Defendants' counterclaims (the "Motion to Dismiss").

12.     After months of unsuccessful attempts by the Association to set its motions for hearing, it sought Court intervention and was able to do so. These hearings on the Association's Motion to Strike and the Motion to Dismiss, would be heard on December 19, 2023, at 3:30PM (the "Hearing Date").

13.     One day before the Hearing Date, on December 18, 2023, Defendants filed a Notice of Removal to Federal Court (the "Notice of Removal").

14.     In removing, Hazan argues this case is related to a January 11, 2016, bankruptcy petition filed by Hazan under Chapter 11 in the Southern District of Florida, Case No. 16-10389-AJC ("Bankruptcy Action").

15.     In the Bankruptcy Action, on or about August 17, 2016, the Association and Hazan entered into an agreement regarding the Association's claim for past-due assessments and related charges due at that time (the "Stipulation"). True and correct copies of the Stipulation of Settlement for Claim 10 executed by the ASSOCIATION and HAZAN on or about August 17, 2016 [D.E. 209-A] and Order approving same issued by the Bankruptcy Court on November 17, 2016 [D.E.

302] are attached as exhibits to the Complaint. *See* D. E. 8, at Composite Exhibit 2.

16.     The Stipulation agreed to and entered into by and between the Defendants settled and addressed a **prior** debt of Hazan to the Association and required Hazan to continue to pay all **post-petition**, ongoing monthly and/or special assessments to the Association. Failure to pay such amounts entitles the Association to ***"all rights under its Recorded Declaration, including but not limited to the right to file a new lien for Ongoing Maintenance and file a new Complaint to foreclose upon same."*** *See* Exhibit D.E. 8 at Composite Exhibit 2, at Para. 7 (emphasis added).

17.     The Bankruptcy Action is unrelated to the case at hand as the prior debt of the Association was settled in that case and that settlement as set forth in the Stipulation expressly carves out the debt being sought for recovery by the Association in this case.

18.     The Notice of Removal argues that the Original Lawsuit should be removed because: (i) there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00 under 28 U.S.C. § 1332; (ii) the Original Lawsuit is "related to" two bankruptcy proceedings and should be removed pursuant to 29 U.S.C. § 1452 and 28 U.S.C. § 1334; and (iii) that all procedural requirements are satisfied to remove the Original Lawsuit have been satisfied pursuant to 28 U.S.C. § 1446. These bases are false and legally invalid. The case should be remanded to the Circuit Court for the 11th Circuit of Miami-Dade County Florida.

### III.     MEMORANDUM OF LAW

#### A.  Standard for Removal Based on Lack of Diversity Jurisdiction

"Federal district courts are courts of limited jurisdiction." *Cassella v. Travelers Home & Marine Ins. Co.*, No. 8:20-cv-1558-T-36TGW, 2020 U.S. Dist. LEXIS 185536, at *5 (M.D. Fla. Oct. 7, 2020) (*citing Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000)); *see also Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279 (11th Cir. 2001) ("Federal courts

are courts of limited jurisdiction and are required to inquire into their jurisdiction"). 28 U.S.C. § 1441 states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2018).

A state court action may be removed to federal court when the federal court has diversity jurisdiction or federal question jurisdiction. *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1)-(3) (2018). 28 U.S.C. § 1332(c)(1) states in relevant part that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"28 U.S.C. § 1332(c)(1) (2018) (emphasis added).

28 U.S.C. § 1446, Procedure for removal of civil actions states the following:

(b) Requirements; generally.

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …

…

(c) Requirements; removal based on diversity of citizenship.

(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…

28 U.S.C. § 1446(a)(1), 28 U.S.C. § 1446(c)(1)-(2) (2018) (emphasis added).

"When a defendant removes an action to federal court on diversity grounds, a court must remand the matter to state court if complete diversity is lacking between the parties or if any of the properly served defendants are citizens of the state in which the suit was filed." *CSDVRS, LLC v. Purple Communications, Inc.*, 979 F. Supp. 2d 1302, 1305 (M.D. Fla. 2013); *see also* 28 U.S.C. §1441(b) (2018). "Further, the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties.").

When a defendant fails to meet this burden, as Defendants do here, the case must be remanded. *See CSDVRS*, 979 F. Supp. 2d at 1321 ("Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand."); *see also Jones v. Honeywell Int'l, Inc.*, 385 F. Supp. 2d 1268, 1269 (M.D. Fla. 2005) ("[T]he removal statute is construed strictly, precise compliance with prescribed procedure is required, and any fair doubt is resolved in favor of remand.")."Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Id.* at 1304-05 (emphasis added) (*citing Flintlock Const. Services, LLC v. Well Come Holdings, LLC*, 710 F.3d 1221 (11th Cir. 2013)).

**B.  The Notice of Removal is Untimely by Nearly Two Years**

There is no question that the Notice of Removal is untimely under 28 U.S.C. § 1446. As previously noted, 28 U.S.C. § 1446 states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1) (2018) (emphasis added). Moreover, 28 U.S.C. § 1446 continues by stating that a case may not be removed under subsection (b)(3) on the basis of diversity "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1) (2018).

In the Notice of Removal, Defendants state that "ALL PROCEDURAL REQUIREMENTS ARE SATSIFIED." This is evidently false considering the Notice of Removal was filed far after the deadlines required by 28 U.S.C. § 1446(b)(1) and (c)(1).  The Association filed the Complaint in this matter on March 23, 2022. Hazan, Meehan, and 6913 Valencia were validly served via personal service of process pursuant to Section 48.031(1)(a), Florida Statutes on April 29, 2022.[4] The Association disclosed the specific amount in controversy at that time. Nonetheless, the Notice of Removal was filed on December 18, 2023. Therefore, the Notice of Removal was filed five hundred and ninety-eight (598) days after the initial pleading was served upon Defendants. As such, the Notice of Removal is untimely by five hundred and sixty-eight (568) days (or over 18 months or one and a half years) under 28 U.S.C. § 1446(b)(1). The Court must remand this proceeding to the 11th Judicial Circuit in Miami-Dade County, Florida.

### C. Removal is Improper Under 28 U.S.C. § 1332 for Diversity as the Parties are Not Diverse and the Amount in Controversy is Under $75,000

---

[4] As reflected on the Returns of Service, 6913 Valencia was also served with process at that time through Hazan as its Registered Agent pursuant to Fla. Stat. § 48.062(1).

**HABER LAW, LLP**
251 NW 23 Street | Miami, Florida  33127 | T: 305.379.2400 | F: 305.379.1106 | www.haber.law

Defendants also attempt to remove the Original Lawsuit to federal court under 28 U.S.C. § 1332 by alleging that: (1) 6913 Valencia is owned by a Canadian entity; (2) Hazan is a citizen of Florida; and (3) that Meehan was born in New York. Each of these arguments are easily disposed of through the facts of the Original Lawsuit. First, regardless of who the purported owner of 6913 Valencia is, 6913 Valencia is registered as a Florida limited liability company. In fact, not only was 6913 Valencia incorporated in Florida, but on April 30, 2023, 6913 Valencia file its 2023 Florida limited liability company annual report where it stated that both its principal place of business and its current mailing address are located at 6913 Valencia Drive, Miami, Florida 33109. As noted in 28 U.S.C. § 1332(c)(1) "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1) (2018). As such, it is undisputed that 6913 Valencia is a citizen of Florida pursuant to federal law.

Furthermore, while Hazan admits that she is a resident of Miami-Dade County, Florida, Meehan attempts to fabricate diversity by stating that he was born in New York. Unfortunately for Meehan, "[a] person is a citizen of the state where he is domiciled—that is, 'the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" *Tensley v. Sprint,* No. 8:23-cv-2878-WFJ-CPT, 2023 U.S. Dist. LEXIS 225336, at *5 (M.D. Fla. Dec. 19, 2023) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002)). In Defendants' answer and affirmative defenses, Defendants state that Meehan "is believed to be a resident of Miami-Dade County, Florida and is otherwise *sui juris.*" Moreover, Defendants do not dispute that Meehan is a resident of Florida but instead attempt to create diversity because Meehan was "born in New York." As addressed above where

someone is born does not matter. Location of birth is not the Federal standard for diversity and as such, all three Defendants in the Original Lawsuit are citizens of Florida under federal law.

Lastly, even if Defendants were all citizens of different states, the amount in controversy as currently plead is not in excess of $75,000. The Court should evaluate the amount in controversy based on the allegations in the complaint set forth at the time of removal. *Saberton v. Sears Roebuck & Co.*, 392 F. Supp. 2d 1358, 1360 (M.D. Fla. 2005); s*ee also Reichenthal v. Sears Roebuck & Co.*, No. 2:06-cv-158-FtM-33DNF, 2006 U.S. Dist. LEXIS 30479, at *3 (M.D. Fla. May 18, 2006). The Complaint explicitly states that the assessments owed to the Association at the time of filing were "an amount currently exceeding $61,000.00, after application of payments received to date in accordance with Section 720.3085(3)(b), Florida Statutes, which amount continues to accrue." Therefore, even if the Defendants were citizens of different states, which they are not, the amount in controversy as plead does not exceed $75,000 and does not warrant federal subject matter jurisdiction.

### D.  The Original Lawsuit is Not Related to a Bankruptcy Proceeding

As noted above, the Association and Hazan entered into the Stipulation in order to protect the Association's rights to past-due assessments and any related charges subsequent to the bankruptcy proceeding. The Stipulation unambiguously requires Hazan to continue to pay all post-petition, ongoing monthly and/or special assessments to the Association. As such, any failure by Hazan to pay such amounts entitles the Association to "all rights under its Recorded Declaration, including but not limited to the right to file a new lien for Ongoing Maintenance and file a new Complaint to foreclose upon same." The rights preserved by the Stipulation are

under the Declaration and Florida statute as opposed to a claim in a bankruptcy proceeding.

In light of the plain language of the Stipulation, the Association unequivocally reserved its rights under the Declaration to continue to collect all post-petition assessments that became due. As a result of the Stipulation, the Association's claim was considered resolved by the Bankruptcy Court pursuant to the language of the Stipulation. This was agreed to by Hazan and acknowledged by the Bankruptcy Court to ensure that the Association could enforce its rights outside of a bankruptcy proceeding to collect all post-petition, ongoing monthly and/or special assessments owed to the Association pursuant to the Association's rights under the Declaration and Florida Statute. As Association must be allowed to continue to enforce its legal rights and collect from its residents despite the prior settlements of other debts and results of separate proceedings otherwise Association's would be returning to bankruptcies in perpetuity to collect against its delinquent owners.

As such, the Original Lawsuit and the Claim of Lien were filed long after the Association's bankruptcy claim was resolved and the causes of action at issue are foundationally state law claims. Accordingly, the Court should remand this proceeding to the 11th Judicial Circuit in Miami-Dade County, Florida which is more than equipped to handle the claims at issue which are simple, direct and all under Florida law.

**E. The Court Should Order Defendant Pay Plaintiff's Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1447(c).**

Pursuant to 28 U.S.C. § 1447(c), it is expressly authorized that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2018). As described above, the Notice of Removal is untimely and is based upon false allegations of diversity.

Accordingly, there is no basis for removal, and Plaintiff should not have to bear the expense of Defendants' repeated bad-faith tactics to delay and obfuscate the proceedings. Therefore, this

Court should enter an order remanding this case and entitling Plaintiff to recover all fees and costs associated with the improper removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal"); *Tran v. Waste Mgmt., Inc.*, 290 F. Supp. 2d 1286 (M.D. Fla. 2003). Plaintiff has expended approximately 22.15 hours and $7,222.50 in addressing and responding to Hazan's improper removal and preparing this motion for remand. *See* Affidavit of Attorneys' Fees attached hereto as **Exhibit "1."**

## IV. CONCLUSION

Defendants, in attempting to further delay and avoid their obligations to the Association, filed the Notice of Removal in a case that in no manner is subject to this Court's limited jurisdiction. Unfortunately, the Association must once again incur unnecessary expenses and delay in its efforts to ensure this case is heard on its merits and seek relief from this Court to remand these proceedings to the Circuit Court of the 11th Judicial Circuit in Miami-Dade County, Florida for the reasons stated herein.

**WHEREFORE**, Plaintiff, VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC. respectfully requests this Court to an order: (i) Granting this Motion and remanding this case to State Court in the Circuit Court of the 11th Judicial Circuit in Miami-Dade County, Florida; (ii) requiring that Defendants, ELIZABETH HAZAN, SEAN NEIL MEEHAN, and 6913 VALENCIA, LLC pay all of Plaintiff's costs and expenses, including reasonable attorneys' fees, incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c); and (iii) granting any other and further relief as this Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 9th day of January, 2024, I electronically filed the foregoing with the Miami-Dade County Clerk of Court and by automatic emails generated through the E-Filing Portal System, served the foregoing document on the following parties: Elizabeth Hazan, elizabeth9246qc@gamil.com; Sean Meehan, seannmeehan@gamil.com; and 6913 Valencia LLC c/o Joel Aresty, aresty@icloud.com, aresty@mac.com.

Respectfully submitted,

**HABER LAW, LLP**
*Counsel for Plaintiff*
251 NW 23rd Street
Miami, FL  33127
Telephone No.: (305) 379-2400
Facsimile No.: (305) 379-1106
service@haber.law


By: */s/ Ariella J. Gutman*
**ARIELLA J. GUTMAN, ESQ.**
Fla. Bar No. 91447
agutman@haber.law
jlewin@haber.law
**NICHOLAS LASHBROOK, ESQ.**
Fla. Bar No. 1038924
nlashbrook@haber.law
cpla@haber.law

**HABER LAW, LLP**
251 NW 23 STREET | MIAMI, FLORIDA  33127 | T: 305.379.2400 | F: 305.379.1106 | www.haber.law

# EXHIBIT

## "1"

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:23-cv-24780-BB

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC., a Florida
not-for-profit corporation,

      Plaintiff,

vs.

ELIZABETH HAZAN, et al.,

      Defendants.

_____/

### <u>AFFIDAVIT OF ARIELLA J. GUTMAN, ESQ. IN SUPPORT OF PLAINTIFF'S RECOVERY OF ATTORNEYS' FEES</u>

STATE OF FLORIDA            )

                                  ) SS.

COUNTY OF MIAMI-DADE     )

      BEFORE ME, the undersigned authority, personally appeared Ariella J. Gutman of the law firm of Haber Law, P.A., who after being first duly sworn, deposes and states as follows:

      1.      My name is Ariella J. Gutman, Esq., I am over the age of eighteen (18) years and competent to testify.

      2.      I have personal knowledge of the matters addressed in this Affidavit.

      3.      I have been engaged in the practice of law for over 12 years and have been licensed in the State of Florida and a member of good standing of the Florida Bar since 2011.

      4.      I am currently primarily responsible for the lawsuit *VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC.*, a Florida not-for-profit corporation, Plaintiff, vs. *ELIZABETH HAZAN, SEAN NEIL MEEHAN, as spouse of ELIZABETH HAZAN, an individual;*

*6913 VALENCIA, LLC, a Florida limited liability company,* Defendants, CASE NO. 1:23-cv-24780-BB, United States District Court Southern District of Florida.[1]

5.      Undersigned counsel executed a retainer wherein Haber Law, LLP ("Haber Law") represents Plaintiff, VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC., (the "Association") as general counsel for the Association for an agreed upon hourly rate.

6.      The hourly rate for a **Partner** is **$400.00,** the hourly rate for the **Junior Associate** is **$350.00**, and the hourly rate for the **Paralegal** is **$200.00.** The rates charged by the Association's counsel and law firm are reasonable hourly rates with regard to the prevailing market rate in the relevant legal community of Miami-Dade County, Florida for similar services by lawyers of reasonably comparable skills, experience, and reputation.

7.      From December 18, 2023, Haber Law provided legal services to the Association in regarding the Association's motion to remand the proceedings to state court in response to the Notice of Removal filed by Defendants on December 18, 2023.

8.      The total amount of time spent by the attorneys and paralegals in litigating in this matter from the date of removal in and including the time incurred establishing entitlement to attorneys' fees, was 22.15 hours. *See* Haber Law Invoices, attached hereto as **Composite Exhibit "A."**

9.      The total attorneys' and paralegals' fees incurred in litigating this matter from December 18, 2023, up through and including the time incurred establishing entitlement to attorneys' fees is $7,222.50.  *See* Composite Exhibit A.

10.      There have been no costs incurred with respect to responding to the removal and

---

[1] This case was removed to United States District Court Southern District of Florida. The original lawsuit is styled, VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC., a Florida not-for-profit corporation, Plaintiff, vs. ELIZABETH HAZAN, et al., Defendants, CASE NO.: 2022-005424-CA-01 in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida.

motion for remand to state court.

11.     On January 1, 2024, Haber Law, P.A. transitioned to Haber Law, LLP.

12.     The work related to the removal and motion to remand spanned from the end of 2023 to the beginning of 2024.

13.     The Haber Law, P.A. and Haber Law, LLP invoices are accounting documents created on or around January 9, 2024.

14.     The Haber Law, P.A. and Haber Law, LLP invoices were prepared by the administration employees of the firms who are responsible for the billing on client matters for the firms.

15.     The Account Summary and Statements are documents that firms use to keep track of and bill out their account receivables and are kept in the ordinary course of its regularly conducted business.

16.     It is a regular practice of the firms to generate these documents.

17.     Pursuant to 28 U.S.C. § 1447(c), it is expressly authorized that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2018). Should the Court enter an order removing this case to the 11th Judicial Circuit in Miami-Dade County, Florida, the Association the Court may require Defendants payment of costs and expenses including attorneys' fees incurred as a result of removal.

[INTENTIONALL LEFT BLANK]

FURTHER AFFIANT SAYETH NAUGHT.


_____
ARIELLA J. GUTMAN, ESQ.


STATE OF FLORIDA
COUNTY OF MIAMI-DADE

    The foregoing instrument was acknowledged before me by means of [X] physical presence or [ ] online notarization, this 9th day of January_____, 2024, by ARIELLA J. GUTMAN, ESQ., [X] being personally known to me or [ ] having produced _____ as identification.



_____
Notary Public, State of Florida


My Commission expires:

MAX LOGAN HABER
Notary Public - State of Florida
Commission # HH 450478
My Comm. Expires Oct 3, 2027
Bonded through National Notary Assn.

# EXHIBIT

# "A"



HABER LAW

251 NW 23 STREET  |  MIAMI, FL 33127
T: 305.379.2400  |  FEI: 65-0753701

VE0 Valencia Estates HOA, Inc.
c/o Marquis Association Management
40304 Fisher Island Drive
Fisher Island, FL 33109

RE : Lien on Unit 6913 Hazan, Elizabeth

Date: January 03,2024

Stmt: 60544

Acct: 3706.102

**For Professional Services Rendered Through 12/31/2023**

| Date | Atty | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 12/7/2023 | AM | █████████████ | 2.50 | $200.00 | $500.00 |
| 12/8/2023 | SC | █████████████ | 2.00 | $200.00 | No Charge |
| | AM | █████████████ | 0.50 | $200.00 | $100.00 |
| 12/13/2023 | SC | █████████████ | 0.20 | $200.00 | $40.00 |
| | RNC | █████████████ | 0.50 | $400.00 | $200.00 |
| | AJG | █████████████ | 0.50 | $400.00 | $200.00 |
| | AM | █████████████ | 0.30 | $200.00 | $60.00 |
| 12/18/2023 | RNC | █████████████ | 0.20 | $400.00 | $80.00 |
| 12/19/2023 | RNC | █████████████ | 0.40 | $400.00 | $160.00 |
| | AJG | Analysis of Hazan's notice of removal of case to federal court (.7) | 1.50 | $400.00 | $600.00 |

| Date | | Description | Hours | Rate | Total |
|---|---|---|---|---|---|
| | | ████████████████████████ analysis of strategy going forward in light of same (.3). | | | |
| | NL | Review and analyze Hazan Motion to Remove to Federal Court and research applicable statutes, case law, and grounds for removal re USC 1446 to prepare motion for remand to state court (1.5) Analysis of law re mandatory abstention of Federal Court for state claims (1.75). | 3.25 | $350.00 | $1,137.50 |
| 12/20/2023 | NL | Draft and finalize research memorandum re Motion to remand (.9). | 0.90 | $350.00 | $315.00 |
| | AJG | Analysis of outline of arguments for motion to remand case to state court (.3) Revise same (.3). | 0.60 | $400.00 | $240.00 |
| | SD | Review notice of removal to federal court and discussion re removal issues (.3) | 0.30 | $400.00 | $120.00 |
| 12/21/2023 | NL | Begin draft of motion to remand to state court re factual and procedural background (.9) re case law standard for removal, diversity, and mandatory abstention of Court (1.5) Draft argument section re timeliness of motion, lack of diversity, and elements of mandatory abstention (2.1). | 4.50 | $350.00 | $1,575.00 |
| 12/22/2023 | AJG | Supplement and revise motion to remand case to state court (.7). | 0.70 | $400.00 | $280.00 |
| | NL | Revise Hazan Motion to Remand to State Court for AG Review (.5). | 0.50 | $350.00 | $175.00 |
| 12/28/2023 | AJG | ████████████████████████ | 0.20 | $400.00 | $80.00 |
| | | **Total Fees** | **19.55** | | **$5,862.50** |

### Recapitulation

| Timekeeper | Title | Hours | Rate | Total |
|---|---|---|---|---|
| Alejandro Maya | Paralegal | 3.30 | $200.00 | $660.00 |
| Ariella Gutman | Partner | 3.50 | $400.00 | $1,400.00 |
| Litigation Paralegal | Paralegal | 0.20 | $200.00 | $40.00 |
| Litigation Paralegal | Paralegal | 2.00 | No Charge | No Charge |
| Nicholas Lashbrook | Junior Associate | 9.15 | $350.00 | $3,202.50 |
| Rebecca Newman Casamayor | Partner | 1.10 | $400.00 | $440.00 |
| Steve Davis | Senior Partner | 0.30 | $400.00 | $120.00 |

### Costs

| | | |
|---|---|---|
| 12/21/2023 | Executive Messenger Service - Courier Fees - Inv. J33770 | $18.00 |
| 12/27/2023 | Court Reporter - Lexitas - Hearing of 12-19-23; Inv. 325710 | $95.00 |
| 12/31/2023 | Photocopies | $49.55 |
| | **Total Costs** | **$162.55** |

| | |
|---|---|
| **Total Current Fees and Cost** | **$6,025.05** |
| **Previous Balance** | **$62,032.69** |
| **Balance Due** | **$68,057.74** |

<u>Aged Due Amounts</u>

| 0-30 | 31-60 | 61-90 | 91-120 | 121-180 | 181+ |
|------|-------|-------|--------|---------|------|
| $6,025.05 | $0.00 | $2,885.00 | $4,067.50 | $55,080.19 | $0.00 |

**ALL INVOICES NOT PAID WITHIN 30 DAYS WILL BE SUBJECT TO AN INTEREST
CHARGE OF 1.25% PER MONTH (15% PER ANNUM) UNTIL PAID**



HABER LAW

251 NW 23 STREET   |   MIAMI, FL 33127
T: 305.379.2400   |   EIN: 93-4423233

**VEO Valencia Estates HOA, Inc.**
**c/o Marquis Association Management**
**40304 Fisher Island Drive**
**Fisher Island, FL 33109**

**Date: January 09,2024**

**Stmt: 000000**

**RE : Lien on Unit 6913 Hazan, Elizabeth**

**Acct: 3706.102**

---

**For Professional Services Rendered Through 01/09/2024**

| | | | Hours | Rate | |
|---|---|---|---|---|---|
| 1/3/2024 | AJG | Analysis of federal court docket to determine upcoming deadlines (.3); draft **Privileged** to board **Privileged** (.4); supplement and revise notice of filing complaint and pending motions pursuant to Court's order (.2). | 0.90 | $400.00 | $360.00 |
| | SC | Draft Notice of Filing Pending Motions, Motion to Dismiss, and Motion to Strike Affirmative Defenses. (.4) | 0.40 | $200.00 | $80.00 |
| 1/4/2024 | AJG | Consider strategy and additional arguments to make on motion to remand case to federal court (.4). | 0.40 | $400.00 | $160.00 |
| | NL | Review AG changes and draft additional section of motion to remand re state court claim (1.4). | 1.40 | $350.00 | $490.00 |
| 1/5/2024 | NL | Finalize motion for remand for AG review re federal citations and corrections (1.5). | 1.50 | $350.00 | $525.00 |
| 1/8/2024 | NL | Draft affidavit of A. Gutman re Motion to Remand to State Court (.4); Prepare, edit, and finalize additional notice of filings re Plaintiff's Complaint, Motion to Strike Hazan Affirmative Defenses, Motion to Dismiss Defendants' Counterclaims (.4). | 0.80 | $350.00 | $280.00 |
| | AJG | Supplement and revise motion to remand case to state court (1.3); consider applicable law and analysis of same for process in obtaining payment in an award of fees and costs from Hazan for improper removal under federal law (.4). | 1.70 | $400.00 | $680.00 |
| 1/9/2024 | NL | Analysis of Association bills and time expended to supplement and revise affidavit of attorneys fees (.3). | 0.30 | $350.00 | $105.00 |
| | AJG | Supplement, revise approve and execute affidavit of attorneys' fees for filing with motion to remand (.5). | 0.50 | $400.00 | $200.00 |
| | SC | Finalize three notices of filing, Plaintiff's Motion to Strike Affirmative Defenses, Plaintiff's Motion to Dismiss Defendant's Counterclaim, Notice of Filing Plaintiff's Complaint. (.5) | 0.50 | $200.00 | $100.00 |
| | | **Total Fees** | **8.40** | | **$2,980.00** |

**Recapitulation**

| Timekeeper | Title | Hours | Rate | Total |
|---|---|---|---|---|
| Ariella Gutman | Partner | 3.50 | $400.00 | $1,400.00 |
| Nicholas Lashbrook | Junior Associate | 4.00 | $350.00 | $1,400.00 |
| Stephan Chamberlin | Paralegal | 0.90 | $200.00 | $180.00 |

| | |
|---|---|
| **Total Current Fees and Cost** | **$2,980.00** |
| **Previous Balance** | **$0.00** |
| **Balance Due** | **$2,980.00** |

Aged Due Amounts

| 0-30 | 31-60 | 61-90 | 91-120 | 121-180 | 181+ |
|---|---|---|---|---|---|
| $2,980.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**ALL INVOICES NOT PAID WITHIN 30 DAYS WILL BE SUBJECT TO AN INTEREST
CHARGE OF 1.25% PER MONTH (15% PER ANNUM) UNTIL PAID**

