UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-cv-24780-BB

VALENCIA ESTATES HOMEOWNERS'
ASSOCIATION, INC., a Florida
not-for-profit corporation,

    Plaintiff,

vs.

ELIZABETH HAZAN, et al.,

    Defendants.

_____/

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION RESPONSE TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

Plaintiff, VALENCIA ESTATES HOMEOWNERS' ASSOCIATION (the "Association"), by and through undersigned counsel, hereby files this reply to Defendants, ELIZABETH HAZAN ("Hazan"), SEAN NEIL MEEHAN ("Meehan"), and 6913 VALENCIA, LLC ("6913 Valencia") (collectively "Defendants")'s Opposition Response ("Response") to the Association's Motion to Remand to State Court filed on January 9, 2024 [D.E. 11] (the "Motion to Remand"). In support thereof, the Association states as follows:

### I.    INTRODUCTION

Nothing argued by Defendants' in their Response to Plaintiff's Motion for Remand provide a basis to deny Plaintiff's Motion to Remand. Defendants cannot ignore that they have improperly and untimely removed the Original Lawsuit (defined below) to this Court over six hundred (600) days after the Association filed its complaint. The removal is improper as it is: (i) untimely under 28 U.S.C. § 1446; (ii) lacks diversity under 28 U.S.C. § 1332; and (iii) is unrelated to the prior bankruptcy proceedings.

Defendants' Response, argues without merit that this case has complete diversity of citizenship, the amount in controversy exceeds $75,000, and that this case is somehow related to a Chapter 11 bankruptcy proceeding from 2016 that has since been closed. *See generally* D.E. 11. However, these arguments fail as a matter of law and fact because: (i) there is no complete diversity under 28 U.S.C. § 1332 as Hazan and 6913 Valencia are citizens of Florida as is the Association; and (ii) this case is rooted in state law causes of action which accrued on or around August of 2019 and is specifically carved out from, and not connected to in any way with, a closed bankruptcy proceeding that dates back to 2016.

Moreover, the Response fails to address the fact that Defendants improperly and untimely removed the Original Lawsuit to this Court over six hundred (600) days after the Association filed its complaint and is therefore untimely under 28 U.S.C. § 1446. As such, the Association asks the Court to remand these proceedings to the state court where this case was originally filed. Furthermore, the Association seeks a sanction award against the Defendants in the amount of attorneys' fees incurred in responding to the removal and obtaining remand of the proceedings.

## II.   PROCEDURAL HISTORY

1.   Hazan is the owner of the property located at 6913 Valencia Drive, Fisher Island, FL 33109 and as such is a member of the Association. 6913 Valencia is a Florida limited liability company that is believed to still own and hold a second mortgage on the Subject Property, recorded in the public records of Miami-Dade County, Florida. According to online Florida public records, Defendant 6913 Valencia's Manager and Authorized Representative is Defendant Hazan. Defendants, Meehan—Hazan's former spouse—and 6913 Valencia, hold or may claim to hold interests encumbering the Subject Property which is located in Miami-Dade County, Florida.

2. On March 23, 2022, the Association filed its Complaint in the Original Lawsuit[1] (the "Complaint"). The Complaint asserts two counts for foreclosure of lien and breach of Declaration. *See* Complaint at D.E. 8.

3. The Complaint expressly states that the time period of the assessments being sought is from August 2019 to the present date.

4. The litigation in the Original Lawsuit illustrates the ongoing and hallmark delay tactics of the Defendants. Since March of 2023, the Association and the Defendants were in dispute on service issues, which the Association ultimately prevailed upon.

5. On July 10, 2023, Defendants filed an answer, affirmative defenses, and their Counterclaim.

6. On July 20, 2023, the Association filed: (i) a motion to strike Defendants' affirmative defenses (the "Motion to Strike"); and (ii) a motion to dismiss Defendants' counterclaims (the "Motion to Dismiss").

7. After months of unsuccessful attempts by the Association to set its motions for hearing, it sought Court intervention and was able to do so. These hearings on the Association's Motion to Strike and the Motion to Dismiss, would be heard on December 19, 2023, at 3:30PM (the "Hearing Date").

8. One day before the Hearing Date, on December 18, 2023, Defendants filed a Notice of Removal to Federal Court (the "Notice of Removal") to remove the original lawsuit styled, VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC., a Florida not-for-profit corporation, Plaintiff, vs. ELIZABETH HAZAN, et al., Defendant, Case No. 2022-005424-CA-

---

[1] VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC., a Florida not-for-profit corporation, Plaintiff, vs. ELIZABETH HAZAN, et al., Defendant, Case No. 2022-005424-CA-01 (the "Original lawsuit").

01.

9. In removing, Hazan argues this case is related to a January 11, 2016, bankruptcy petition filed by Hazan under Chapter 11 in the Southern District of Florida, Case No. 16-10389-AJC ("Bankruptcy Action").

10. In the Bankruptcy Action, on or about August 17, 2016, the Association and Hazan entered into an agreement regarding the Association's claim for past-due assessments and related charges due at that time (the "Stipulation"). True and correct copies of the Stipulation of Settlement for Claim 10 executed by the ASSOCIATION and HAZAN on or about August 17, 2016 [D.E. 209-A] and Order approving same issued by the Bankruptcy Court on November 17, 2016 [D.E. 302] are attached as exhibits to the Complaint. *See* D. E. 8, at Composite Exhibit 2.

11. The Stipulation agreed to and entered into by and between the Defendants settled and addressed a **prior** debt of Hazan to the Association and required Hazan to continue to pay all **post-petition**, ongoing monthly and/or special assessments to the Association. Failure to pay such amounts entitles the Association to **"all rights under its Recorded Declaration, including but not limited to the right to file a new lien for Ongoing Maintenance and file a new Complaint to foreclose upon same."** *See* Exhibit D.E. 8 at Composite Exhibit 2, at Para. 7 (emphasis added).

12. On January 9, 2024, the Association filed the Motion to Remand [D.E. 11].

13. On January 23, 2024, Defendants filed the Opposition Response [D.E. 22].

### III.     MEMORANDUM OF LAW

**A. Removal is Improper Under 28 U.S.C. § 1332 for Diversity as this case Lacks Complete Diversity**

Defendants assert that because Meehan is a citizen of New York, that the principal of 6913 Valencia is a resident of Canada, and Hazan is a resident of Florida, therefore complete diversity of citizenship is present in this case. **Complete diversity requires that no plaintiff is a citizen of**

**the same state as any defendant.** *Jackson v. Bank of Am., NA,* 578 F. App'x 856, 858 (11th Cir. 2014) (emphasis added). That is not the case here. Plaintiff, the Association, is a citizen of the same state as Defendants Hazan and 6913 Valencia and therefore there is no complete diversity of citizenship.

As set forth in Plaintiffs Motion to Remand, 6913 Valencia was incorporated in Florida and on April 30, 2023, 6913 Valencia filed its 2023 Florida limited liability company annual report where it stated that both its principal place of business and its current mailing address are located at 6913 Valencia Drive, Miami, Florida 33109. A copy of the Annual Report filed by 6913 Valencia to the Florida Department of State is attached hereto as **Exhibit "A."** Hazan admits she is a resident of Florida. Even if Defendants were able to prove that Meehan a resident of New York and 6913 Valencia a resident of Canada, the fact remains that Hazan and the Association are citizens of Florida. Thus, two out of the three Defendants are citizens of Florida and complete diversity does not exist. *See Parham v. Lamar*, 1 F. Supp. 2d 1457, 1462 (M.D. Fla. 1998) ("Plaintiff is a citizen of Florida and Defendant Stowell is a citizen of Georgia. However, four out of the five Defendants are also Florida citizens. Therefore, complete diversity does not exist and this Court cannot assume jurisdiction under 28 U.S.C. sec. 1332.").

**B. The Original Lawsuit is Not Related to a Bankruptcy Proceeding**

Hazan also argues that this proceeding is "related to a bankruptcy case Chapter 11 case 16-10389-AJC" and therefore this Court "has jurisdiction over the original proceedings pursuant to 28 § U.S.C. 1334(b)." Defendants also argue that "[t]he State Court Litigation is proceeding in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. Because that court is located within the District and Division in which this Court sits, venue is proper pursuant to 28

U.S.C. § 1441(a) and 28 U.S.C. § 1391(b)(2)." This argument is legally invalid and would support that any case in state court can be related to a federal district court case.

28 § U.S.C. 1334(b) (2018) states:

(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. 1334(b) (2018).

Defendants rely on this statute to argue that the Original Lawsuit is related to a bankruptcy proceeding. This is incorrect because: 1) this is not a proceeding under title 11, 2) this case does not arise in or relate to a case under title 11, and 3) the bankruptcy proceeding referenced by Defendants was closed in July of 2023. "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Redstone Advance, Inc. v. Big Daddy Guns, Inc. (In re Big Daddy Guns, Inc.)*, 651 B.R. 817, 825 (Bankr. N.D. Fla 2023). The case Defendants reference, Chapter 11 Case No: 16-10389-AJC, was terminated and closed as of July 10, 2023. Therefore, it is impossible for the Original Lawsuit to impact the handling and administration of the bankrupt estate that has been closed.

As set forth in the Motion to Remand, on August 17, 2016, the Association and Hazan entered into the Stipulation in order to protect the Association's rights to past-due assessments and any related charges following the bankruptcy proceeding. [D.E. 8 at Exhibit A]. The rights preserved by the Stipulation are under the Declaration and Florida statute as opposed to a claim in a bankruptcy proceeding. In light of the plain language of the Stipulation, the Association unequivocally reserved its rights under the Declaration to continue to collect all post-petition assessments that became due. As a result of the Stipulation, the Association's claim for unpaid

assessments that **predate** those sums sought in this case was considered resolved by the Bankruptcy Court pursuant to the language of the Stipulation. As such, the Original Lawsuit and the Claim of Lien were filed long after the Association's bankruptcy claim was resolved and the causes of action at issue are purely state law claims. Accordingly, the Court should remand this proceeding to the 11th Judicial Circuit in Miami-Dade County, Florida which is more than equipped to handle the claims at issue which are simple, direct and all under Florida law.

Even if the Court were to find that the Original Lawsuit somehow relates to a bankruptcy proceeding, the Court must abstain from hearing this case pursuant to 28 U.S.C. § 1334(c)(2). "[A] bankruptcy court must abstain from hearing a state-law claim if: (1) the claim has no independent basis for federal jurisdiction, other than § 1334; (2) the claim is related to, but does not arise under or in, a bankruptcy case; (3) an action has been commenced in state court; and (4) that action can be timely adjudicated in that state-court proceeding. *Bank of Am. Corp. v. Kachkar (In re Kachkar)*, 769 F. App'x 673, 680 (11th Cir. 2019). In this case, there is no independent basis for federal jurisdiction other than 28 U.S.C. § 1334(c)(2). The Original Lawsuit commenced in the 11th Judicial Circuit in Miami-Dade County, Florida. It does not arise under or in the bankruptcy case—as it is closed, and there is no question that the Original Lawsuit can be timely adjudicated in its state-court proceeding. Therefore, the Court should abstain under 28 U.S.C. § 1334(c)(2) and grant the Association's Motion to Remand.

### IV.    CONCLUSION

Defendants have once again attempted to assert grounds for removal that are inapplicable, unsupported in fact, and contrary to their own arguments. Unfortunately, the Association must seek relief from this Court to remand these proceedings to the Circuit Court of the 11th Judicial Circuit in Miami-Dade County, Florida for the reasons stated herein.

**WHEREFORE**, Plaintiff, VALENCIA ESTATES HOMEOWNERS' ASSOCIATION, INC. respectfully requests this Court to an order: (i) Granting plaintiff, 's Motion for Remand filed on January 9, 2024 [D.E. 11] and remanding this case to State Court in the Circuit Court of the 11th Judicial Circuit in Miami-Dade County, Florida; (ii) requiring that Defendants, ELIZABETH HAZAN, SEAN NEIL MEEHAN, and 6913 VALENCIA, LLC pay all of Plaintiff's costs and expenses, including reasonable attorneys' fees, incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c); and (iii) granting any other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 29th day of January, 2024, I electronically filed the foregoing via CM/ECF and by automatic emails generated through the E-Filing Portal System, served the foregoing document on the following parties: Elizabeth Hazan, elizabeth9246qc@gamil.com; Sean Meehan, seannmeehan@gamil.com; and 6913 Valencia LLC c/o Joel Aresty, aresty@icloud.com, aresty@mac.com.

Respectfully submitted,

**HABER LAW, LLP**
*Counsel for Plaintiff*
251 NW 23rd Street
Miami, FL  33127
Telephone No.: (305) 379-2400
Facsimile No.: (305) 379-1106
service@haber.law


By: */s/ Ariella J. Gutman*
**ARIELLA J. GUTMAN, ESQ.**
Fla. Bar No. 91447
agutman@haber.law
jlewin@haber.law
**NICHOLAS LASHBROOK, ESQ.**
Fla. Bar No. 1038924
nlashbrook@haber.law

**HABER LAW, LLP**
251 NW 23 Street | Miami, Florida  33127 | T: 305.379.2400 | F: 305.379.1106 | www.haber.law

cpla@haber.law

# EXHIBIT "A"

**2023 FLORIDA LIMITED LIABILITY COMPANY ANNUAL REPORT**

DOCUMENT# L12000034487

**Entity Name:** 6913 VALENCIA, LLC

**FILED**
**Apr 30, 2023**
**Secretary of State**
**8001153493CC**

**Current Principal Place of Business:**

6913 VALENCIA DRIVE
MIAMI, FL 33109

**Current Mailing Address:**

6913 VALENCIA DRIVE
MIAMI, FL 33109 US

**FEI Number:** 83-0971010

**Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

HAZAN, LIZA
6913 VALENCIA DRIVE
MIAMI, FL 33109 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE: LIZA HAZAN         04/30/2023
Electronic Signature of Registered Agent         Date

**Authorized Person(s) Detail :**

| | | | |
|---|---|---|---|
| Title | MGR | Title | AUTHORIZED REPRESENTATIVE |
| Name | HAZAN, LIZA | Name | HAZAN, LIZA |
| Address | 6913 VALENCIA DRIVE | Address | 6913 VALENCIA DRIVE |
| City-State-Zip: | MIAMI FL 33109 | City-State-Zip: | MIAMI FL 33109 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: LIZA HAZAN         MGR         04/30/2023
Electronic Signature of Signing Authorized Person(s) Detail         Date